PER CURIAM.
OPINION ON MOTIONS
We have for consideration another series of motions by the parties to this appeal. In an effort to restore this appeal to the right track we have heard oral argument on said motions and dispose of them as follows: appellees’ motions to consolidate and to dismiss this appeal are denied; appellees’ motion for extension of time to file their brief in this case (No. 78-325) is granted and they shall have 15 days from date hereof to file said brief; appellants have withdrawn their motion for sanctions filed November 15, 1978.
The focal point of the problems giving rise to the excess of motions filed in this case is that some of the exhibits admitted at trial have been lost by the clerk’s office. We heretofore relinquished jurisdiction to the trial court and requested counsel and the trial judge to meet and reconstruct the *1161 record. A brief hearing was held and the trial judge asked counsel to furnish stipulations and a proposed order. What has transpired since demonstrates that counsel have been unable without the direction and supervision of the trial judge to reproduce the necessary exhibits. Thus, it appears to this court that it will be necessary for the trial judge to hold a hearing with counsel and personally direct them in their efforts to reconstruct the record vis-a-vis the lost exhibits.
Accordingly, we extend the relinquishment of jurisdiction in this case until January 10, 1979, and once again request that counsel make every effort with the direction and assistance of the trial judge to reconstruct the necessary exhibits admitted into evidence during the trial of this cause. As so reconstructed, the trial judge is requested to certify that record and deliver same to the clerk of the circuit court for inclusion in the record on appeal.
Any further recalcitrance on the part of counsel to make every reasonable effort to reconstruct the record as directed may result in either a reversal of the judgment appealed from for a new trial or in dismissal of the appeal.
DOWNEY, C. J., and ANSTEAD and LETTS, JJ., concur.